1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

RICHARD A. LENNSTROM,

Plaintiff,

v.

AUBURN COMMUNITY HEALTH
CENTER, *et al.*,

Defendants.

CASE NO.  C05-1788RSM

ORDER GRANTING DEFENDANT
SAFEWAY PHARMACY'S
MOTION FOR SUMMARY
JUDGMENT

17

18

19

20

21

This matter comes before the Court on defendant Safeway Pharmacy's Motion for

Summary Judgment.[1]  (Dkt. #5).  On September 28, 2005, plaintiff filed the instant lawsuit in

King County Superior Court, apparently attempting to raise claims under the Americans with

Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and alleging that defendant Safeway Pharmacy,

22

23

24

25

26

[1] While plaintiff has named three other defendants – Auburn Community Health Center, Ms.
Suzanne Laurel, D.O., and Ms. Debby Roberts – he has failed to provide any proof of service of the
summons and complaint on these defendants.  In its Motion for Summary Judgment, Safeway Pharmacy
alerts plaintiff that the Pharmacy is the only defendant that has appeared in the case, and that it also
appears to be the only defendant ever served, albeit improperly.  Even having been so informed, plaintiff
failed to provide any proof of service of the summons and complaint on the other defendants in his
response.  Accordingly, the Court finds that plaintiff has failed to prosecute his case against Auburn
Community Health Center, Ms. Suzanne Laurel, D.O., and Ms. Debby Roberts.

ORDER
PAGE - 1

along with plaintiff's treating physicians and health care center, caused $1,750,000.00 of damage when they failed to refill his prescriptions for a narcotic pain killer called Narco, and for diazepam, which is commonly know as Valium.  (Dkt. #1, Ex. A).

Defendant Safeway Pharmacy removed the action to this Court shortly thereafter, and followed with the instant motion for summary judgment.  Defendant asserts that plaintiff has failed to support any cause of action for medical negligence or civil rights violations against it.  (Dkt. #5).

While plaintiff did file a response to the motion for summary judgment, he completely failed to oppose any of defendant Safeway Pharmacy's legal arguments or authority.  Instead, plaintiff chose not to respond to what he calls "the Defendant(s) misrepresentations to the Court," and takes issue with only two sentences of the Safeway pharmacist's supporting declaration to the motion for summary judgment.  At the same time, by way of a "Request for Accomodation [sic]," attached to the declaration of Michael A. Chiofar, a.k.a Bear, a.k.a. Gummo, plaintiff appears to request court-appointed counsel.

Having reviewed defendant Safeway Pharmacy's Motion for Summary Judgment, and the remainder of the record, the Court does hereby find and ORDER:

(1)  In so far as plaintiff's "Request for Accomodation [sic]" has been construed as a request for court-appointed counsel (Dkt. #8 at 2), that request is DENIED.  Plaintiff apparently believes that the Americans with Disabilities Act mandates that this Court provide him with free counsel.  However, that Act provides no such right.  Moreover, because this Court has determined that summary judgment in favor of defendant is appropriate, as further explained below, plaintiff's request for counsel is moot, and his alternative request for a stay of proceedings is not warranted.

(2)  Defendant Safeway Pharmacy's Motion for Summary Judgment (Dkt. #5) is GRANTED, and plaintiff's claims against it are hereby DISMISSED.  Defendant argues that

ORDER
PAGE - 2

1   when plaintiff's treating physician revoked any further refills of his Narco prescription, it was

2   legally prevented from fulfilling his numerous requests for a refill.  The Court agrees.  Refusing

3   to dispense controlled substances under circumstances which would violate the law does not

4   constitute medical negligence as governed by RCW 7.70.  Similarly, the refusal to dispense

5   controlled substances when not authorized by prescription or the patient's doctor does not

6   violate either the Americans with Disabilities Act or the Washington Law Against

7   Discrimination, RCW 49.60.  Finally, because Safeway Pharmacy is not a "state actor," the Civil

8   Rights Act, 42 U.S.C. § 1983, does not allow for a cause of action against it.

9          Plaintiff has completely failed to oppose these legal arguments.  This District's local rules

10  state that "[i]f a party fails to file papers in opposition to a motion, such failure may be

11  considered by the court as an admission that the motion has merit."  Local Rule CR 7(b)(2).

12  Furthermore, plaintiff's attempt to raise a genuine issue of material fact is misguided.  Plaintiff

13  apparently does not believe that pharmacy personnel contacted his "doctor", because his

14  prescribing-physician left Auburn Community Health Center between the time she wrote the

15  prescription and the time plaintiff attempted to have the prescription refilled, and therefore,

16  plaintiff reasons that his "doctor" could not have cancelled the prescription.  However, as

17  defendant Safeway Pharmacy points out, plaintiff ignores the fact that the person who originally

18  prescribed the medication was a physician's assistant, only authorized to prescribe medicine

19  under the supervision of a licensed physician.  That licensed physician is a member of Auburn

20  Community Health Center, and it was such licensed physician that advised Safeway Pharmacy to

21  cancel any further refills, as evidenced by the copies of facsimiles submitted with defendant's

22  Reply.  Accordingly, plaintiff has failed to raise any issue of genuine material fact, and summary

23  judgment in favor of defendant Safeway Pharmacy is appropriate.

24         In addition, because plaintiff has failed to show any proof of service of the summons and

25  complaint on the other defendants named in this action, even after being alerted to that failure by

26

ORDER
PAGE - 3

defendant Safeway Pharmacy, the Court dismisses his claims against Auburn Community Health Center, Ms. Suzanne Laurel, D.O., and Ms. Debby Roberts for failure to prosecute. This case is DISMISSED with prejudice and the action is now CLOSED.

(2) The Clerk is directed to forward a copy of this Order plaintiff and to all counsel of record.

DATED this 4th day of January, 2006.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4